IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | Case No: 16 C 50152 |
| v. | ) | Judge Philip G. Reinhard |
| Andrew A. Chavis, | ) | |
| Defendants. | ) | |

## ORDER

For the following reasons, defendants' motion to supplement [26] is granted, and defendant's 28 U.S.C. § 2255 motion [1] is dismissed as untimely. The court declines to grant a certificate of appealability. The case is terminated.

## STATEMENT

On May 26, 2016, defendant Andrew A. Chavis filed a motion challenging his sentence under 28 U.S.C. § 2255 [1]. On June 30, 2016, the court stayed these matters pending the Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886 (2017) [7], and lifted the stay on March 10, 2017, following the *Beckles* decision [13]. Defendant filed a motion to supplement [14] on March 14, 2017, which is granted. The Federal Defender Program moved to withdraw, which the court granted [21], and defendant continued pro se. After the court ordered supplemental briefing regarding the Supreme Court's decision in *Beckles*, the government filed a response on June 2, 2017 [24] and defendant filed a reply on June 16, 2017 [25]. Defendant also filed a motion to supplement on October 10, 2017 [26], which is granted. This matter is now ripe for the court's review.

The government has challenged defendant's § 2255 motion on the grounds that: (1) it falls squarely under *Beckles* because defendant was effectively sentenced under the post-Booker Guidelines; (2) even if defendant was sentenced under the pre-Booker Guidelines, his claims are time barred; and (3) his claims are procedurally defaulted. Defendant disputes these challenges and argues that his underlying claims are meritorious. The court agrees with the government that *Beckles* controls. Moreover, the court agrees with the government that defendant's claims are time barred even if Beckles does not control. As such, the court need not reach the issue of procedural default or the merits of defendant's claims.

1

A. *Beckles*.

First, as the government points out, defendant was sentenced in 2003, prior to *Booker*. *See United States v. Chavis*, Case No. 03 CR 50028, at Doc. #109 (N.D. Ill.). While his sentence was on appeal, however, *Booker* was decided. As such, the Seventh Circuit issued a limited remand so that this court could decide whether it would impose the same sentence if the case were returned for resentencing under the post-*Booker* advisory Guidelines. This court responded that it would impose the same sentence if the case were remanded for resentencing under the advisory Guidelines, and the Seventh Circuit subsequently affirmed. *See United States v. Chavis*, 184 F. App'x 574 (7th Cir. 2006) ("The district court has responded that it would again impose the identical sentence of 420 months on Chavis post-*Booker*. Since Chavis's sentence would remain the same, the *Booker* error did not affect Chavis's substantial rights, and Chavis cannot show plain error.") (citing *United States v. Paladino*, 401 F.3d 471, 483-84 (7th Cir.2005)) ("[W]hat an appellate court should do in *Booker* cases in which it is difficult for us to determine whether the error was prejudicial is, while retaining jurisdiction of the appeal, order a limited remand to permit the sentencing judge to determine whether he would (if required to resentence) reimpose his original sentence. If so, we will affirm the original sentence against a plain-error challenge provided that the sentence is reasonable, the standard of appellate review prescribed by *Booker*[.]") (internal citations omitted).

Because the court was ultimately afforded the discretion to impose a sentence that deviated from the Guidelines, under the recognized *Paladino* limited remand procedure, defendant was effectively sentenced under the post-*Booker* advisory Guidelines. The Supreme Court in *Beckles v. United States*, 137 S.Ct. 886 (2017) explicitly held that "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." *See id*. at 897. As such, *Beckles* controls and defendant's § 2255 motion must be dismissed.

B. Timeliness.

The government argues that, even if the court were to consider defendant's sentence to be pre-*Booker*, defendant's motion is nonetheless time-barred under 28 U.S.C. § 2255(f). The parties agree that the motion is not timely under § 2255(f)(1), because defendant's sentence became final over one year ago, but defendant argues that it is timely under § 2255(f)(3), which holds that a motion is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Defendant contends that the right he asserts was newly recognized by the Supreme Court in *Johnson*, decided within one year of defendant's motion.

The parties agree that *Johnson* "newly recognized" a "right" that applies to defendants whose sentences were enhanced through ACCA, specifically the residual clause of the definition of "violent felony" in 18 U.S.C. § 924(e)(2)(B)(ii). This was made clear by the Supreme Court when it made *Johnson* retroactive in *Welch v. United*

2

*States*, 136 S.Ct. 1257 (2016). The Court in *Welch* noted that "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final" and found that "It is undisputed that *Johnson* announced a new rule." *See Welch v. United States*, 136 S.Ct. 1257, 1264 (2016). The court also found that "by striking down the residual clause as void for vagueness, *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering the range of conduct or the class of persons that the Act punishes." *Id*. at 1265 (internal quotations and alterations omitted). The issue presented in this case is whether the right newly recognized in *Johnson* extends beyond ACCA and should be construed broadly enough to apply to defendants whose sentences were enhanced through the pre-*Booker* mandatory guidelines, specifically the residual clause of the definition of "crime of violence" in U.S.S.G. § 4B1.2(a)(2).

A plausible reading after *Johnson* was that it applied broadly to all defendants sentenced under residual clauses with the same language as ACCA. In *Beckles*, however, the Supreme Court held that *Johnson* did not apply to the residual clause of the post-*Booker* advisory Guidelines, despite the fact that the language of the residual clause in U.S.S.G. § 4B1.2(a)(2) was identical to the language of the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii). The Court in *Beckles* stressed that the void-for-vagueness doctrine applies to laws that fix the permissible sentences for criminal offenses, and thus does not apply to the advisory Guidelines, which do not fix the permissible range of sentences. The Court's opinion did not mention the pre-*Booker* mandatory guidelines, and Justice Sotomayor in her concurrence noted that *Johnson*'s application to the pre-*Booker* guidelines remained an open question. *See Beckles v. United States*, 137 S.Ct. 886, 903 n.4 (2017) ("The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in [*Booker*] — that is, during the period in which the Guidelines did "fix the permissible range of sentences,"— may mount vagueness attacks on their sentences. That question is not presented by this case and I, like the majority, take no position on its appropriate resolution.") (Sotomayor, J., concurring in the judgment).

While *Beckles* narrowed the area of plausible dispute, the parties continue to disagree as to how broadly this court should read *Johnson*. The question ultimately faced by this court is over the correct interpretation of "right" in § 2255(f)(3), and the parties' dispute over that question is substantially similar to the one so clearly articulated by the court in *Mitchell v. United States*, 2017 WL 2275092 (W.D. Va. 2017):

> The parties dispute the meaning of "right" under § 2255(f)(3) and its application to *Johnson II*. [The defendant] posits a broader definition of "right" more analogous to the reasoning of a case, such that the right newly announced in *Johnson II* was that no individual could face a fixed criminal sentence on the basis of vague language identical to that in the residual clause of the ACCA. Under this view, [the defendant] is merely seeking an application of that right to his own circumstances. The Government argues that a "right" more resembles the holding of a case,

3

and thus that *Johnson II* affords relief under § 2255(f)(3) only to those individuals who were sentenced under the residual clause of the ACCA itself. According to this logic, [the defendant] is asking for the recognition of a new right by this court—that individuals have a Constitutional right not to be sentenced as career offenders under the residual clause of the mandatory Sentencing Guidelines.

*Id.* at *3.

As in *Mitchell*, defendant here argues that the court should construe *Johnson*'s newly recognized right as applying to defendants sentenced under a residual clause that contains the vague language struck down in *Johnson* and that fixes the permissible range of sentences, putting it within the scope of the vagueness doctrine. Defendant argues that the pre-*Booker* guidelines meet these requirements. The government argues that *Johnson*'s newly recognized "right" should be construed narrowly for purposes of § 2255(f)(3), as applying only to ACCA defendants.

While Seventh Circuit has not addressed the issue, the only two Courts of Appeals that have squarely done so have found that pre-*Booker* guideline vagueness challenges are not timely under § 2255(f)(3). The court will address those decisions below.

The Fourth Circuit first considered the issue in *United States v. Brown*, 868 F.3d 297 (4th Cir. 2017), properly recognizing that its resolution depends on the proper statutory interpretation of § 2255(f)(3), specifically the definition of a "right" that has been "newly recognized" by the Supreme Court. The court's reasoning is worth quoting in full.

To "recognize" something is (1) "to acknowledge [it] formally" or (2) "to acknowledge or take notice of [it] in some definite way." *Recognize*, Merriam-Webster Tenth Collegiate Dictionary 976 (1996); *see also Tapia v. United States*, 564 U.S. 319, 327 (2011). Thus, a Supreme Court case has "recognized" an asserted right within the meaning of § 2255(f)(3) if it has formally acknowledged that right in a definite way. *Cf. Williams v. Taylor*, 529 U.S. 362, 412 (2000) (interpreting the phrase "clearly established Federal law, as determined by the Supreme Court" within another provision of AEDPA to mean "the holdings, as opposed to the dicta" of Supreme Court precedent). Correspondingly, if the existence of a right remains an open question as a matter of Supreme Court precedent, then the Supreme Court has not "recognized" that right. *Cf. Tyler v. Cain*, 533 U.S. 656, 662–64 (2001) (interpreting the word "made" within another provision of AEDPA—"made retroactive to cases on collateral review by the Supreme Court"—to mean "held").

*United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017).

Moving to the pre-*Booker* guidelines, the Fourth Circuit found that:

4

> While the residual clause at issue here mirrors the residual clause at issue in *Johnson*, the *Beckles* Court made clear that the right announced in *Johnson* did not automatically apply to all similarly worded residual clauses. . . . [T]he *Beckles* Court carefully crafted its holding to avoid deciding whether the logic of *Johnson* applied outside the context of ACCA. Hence, *Beckles* confirms that the Supreme Court has yet to recognize a broad right invalidating all residual clauses as void for vagueness simply because they exhibit wording similar to ACCA's residual clause.

*Id*. at 302.

In summary, the Fourth Circuit found that a defendant seeking relief based on *Johnson* may only rely on § 2255(f)(3) for timeliness purposes if the defendant's entitlement to relief after *Johnson* is so evident that it can no longer be considered an "open question." Because *Beckles* "made clear" that the reasoning of *Johnson* does not necessarily extend to the pre-*Booker* Guidelines, and thus the right of a pre-*Booker* Guidelines defendant to be resentenced remains an "open question," it follows that "at least for purposes of collateral review, we must wait for the Supreme Court to recognize the right" before pre-*Booker* Guideline defendants may rely on § 2255(f)(3) for timeliness purposes. *Id*. at 303.

The Sixth Circuit next considered the issue in *Raybon v. United States*, 867 F.3d 625 (6th Cir. 2017). Similarly to the Fourth Circuit, the court in *Raybon* construed § 2255(f)(3) narrowly, so that a defendant may not rely on § 2255(f)(3) if the right he asserts is arguably broader or distinct from the right that has been newly recognized by the Supreme Court:

> [If] it is an open question, it is not a "right" that "has been newly recognized by the Supreme Court" let alone one that was "made retroactively applicable to cases on collateral review." *See* § 2255(f)(3). *See generally Tyler v Cain*, 533 U.S. 656, 663-64 (2001) (holding that "made" means "held" under identical language in § 2244(b)(2)(A) and that it must be held retroactive by the Supreme Court).

*Raybon v. United States*, 867 F.3d 625, 630 (6th Cir. 2017). Like the Fourth Circuit, the Sixth Circuit also read *Beckles* as creating an "open question" as to whether the logic of *Johnson* applies to the pre-*Booker* Guidelines, and as such held that the defendant's "untimely motion cannot be saved under § 2255(f)(3) because he is asking for the recognition of a new right by this court—that individuals have a Constitutional right not to be sentenced as career offenders under the residual clause of the mandatory Sentencing Guidelines." *Id*. at 630-31 (internal quotations omitted).

As with the Fourth and Sixth Circuits, the only district court within the Seventh Circuit to directly address this issue has found that § 2255(f)(3) does not apply to pre-

*Booker* Guidelines defendants. In *Davis v. United States*, 2017 WL 3129791 (E.D. Wis. July 21, 2017), the defendant argued "that the right newly recognized by the Supreme Court is the right to be resentenced without a vague residual clause," while the government countered that "there is no Supreme Court precedent that recognizes the due process right claimed by [the defendant], much less any authority that applies that right retroactively on collateral review." *Id*. at *4.

The court in *Davis* noted that "[t]he majority of courts outside the circuit that have addressed this issue . . . have dismissed § 2255 motions as untimely" and found "the reasoning of these cases persuasive." *See id.* (collecting cases). With regard to the proper statutory interpretation of § 2255(f)(3), the court quoted with approval *Mitchell v. United States*, 2017 WL 2275092 (W.D. Va. 2017):

> The breadth of a right under § 2255(f)(3) is also limited by the fact that the right must be "newly recognized." Necessarily, then, a right announced in a case for § 2255(f)(3) purposes cannot be a broad legal principle unless that principle itself is new. For instance, the right under *Johnson II* could not have been the broad right to not be subject to vague criminal laws, as that right had been recognized long before *Johnson II* was decided.

*Id*. (quoting *Mitchell*, 2017 WL 2275092, at *3). The court in *Davis* reasoned that "the Supreme Court's decision in *Johnson* is not as broad as petitioners like Davis suggest," and "a petitioner cannot benefit from § 2255(f)(3) merely because a new right is tangentially relevant to his case." The court determined that "[t]he only right recognized in *Johnson* was established in its holding: that the ACCA's residual clause is unconstitutionally vague in violation of the Due Process Clause of the Constitution." *See id*. at *5.

With regard to the application of the right in *Johnson* to the guidelines, the court in *Davis* noted that *Beckles* distinguished *Johnson* from the guidelines and also pointed out that "the rationale of *Johnson* does not readily apply to the Guidelines," whether discretionary or mandatory:

> [T]he career offender provision of the Guidelines operates in a significantly different manner than the ACCA. Whereas the ACCA mandates a sentence five years above the statutory maximum that otherwise applies for the crime of possession of a firearm by a felon, the career offender provision of the Guidelines merely results in a higher sentence range for the crime of conviction, subject to the original statutory maximum for that crime. In other words, unlike the ACCA, the career offender provision of the Guidelines does not increase the maximum sentence that the offender is facing and mandate the imposition of such sentence. Given this difference, nothing the Court said in *Johnson* required the conclusion that the Guidelines' career offender provision was likewise susceptible to a vagueness challenge.

*See id*. at ** 3, 5.  The court explained that there is a "fundamental difference between the manner in which the ACCA and the career offender provision of the Sentencing Guidelines, both pre- and post-*Booker*, function," quoting the Eleventh Circuit's similar conclusion with approval:

> The Guidelines—whether mandatory or advisory—cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge . . . .  The limitations the Guidelines place on a judge's discretion cannot violate a defendant's right to due process by reason of being vague.  The Guidelines do not define illegal conduct: they are directives to judges for their guidance in sentencing convicted criminals, not to citizens at large . . . . Due process does not mandate notice of where, within the statutory range, the guidelines sentence will fall.

*Id*. at **5-6 (quoting *In re Griffin*, 823 F.3d 1350 (11th Cir. 2016)).

Because the court in *Davis* agreed with those courts construing narrowly the "right" in § 2255(f)(3), and agreed with those courts distinguishing the logic and holding of *Johnson* from the right asserted by pre-*Booker* Guideline defendants, the court concluded that "the Supreme Court has not held that the Guidelines' residual clause is unconstitutionally vague, and [the defendant] cannot assert that this right was 'newly recognized' by the Court in *Johnson*."  *See id.* at *6.

The court agrees with the reasoning of the authorities cited above that a narrow construal of § 2255(f)(3) comports with the "plain language" of that statute.  Moreover, a requirement that defendants show that a recent Supreme Court decision definitively entitles them to relief before allowing them to raise otherwise untimely § 2255 motions preserves the procedural safeguards at the heart of AEDPA.  It also preserves the rights of defendants, because if the right they assert is ultimately recognized by the Supreme Court, they will have recourse to § 2255(f)(3) at that time.  While a strict construction of § 2255(f)(3) may lead to harsh results in cases where the right asserted is never recognized, the Supreme Court has repeatedly held that courts must construe AEDPA correctly, whether or not doing so leads to harsh results:

> Although we recognize the potential for harsh results in some cases, we are not free to rewrite the statute that Congress has enacted.  "[W]hen the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms."  *Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.*, 530 U.S. 1, 6 (2000) (internal quotation marks omitted).  *See also Tyler v. Cain*, 533 U.S. 656, 663, n. 5 (2001) ("[E]ven if we disagreed with the legislative decision to establish stringent procedural requirements for retroactive application of new rules, we do not have license to question the decision on policy grounds").  The disposition required by the text here, though strict, is not absurd.  It is for Congress, not this Court, to

7

amend the statute if it believes that the interplay of ¶¶ 8(2) and 6 (3) of § 2255 unduly restricts federal prisoners' ability to file second or successive motions.

*Dodd v. United States*, 2005 545 U.S. 353, 359 (2005).

For the foregoing reasons, the court interprets § 2255(f)(3) to mean that a defendant seeking relief based on a recent Supreme Court case may only rely on § 2255(f)(3) for timeliness purposes if the defendant's entitlement to relief after that case is so evident that it can no longer be considered an "open question." If the entitlement to relief remains an open question, the "right" asserted by the defendant is distinct from the "right" that has been newly recognized by the Supreme Court, and thus § 2255(f)(3) does not apply.

Applying § 2255(f)(3) to defendant's circumstances, the court agrees with the authorities cited above that it remains an open question whether the reasoning of *Johnson* extends to the pre-*Booker* Guidelines. The court agrees with *Davis* that the reasoning of *Johnson* is consistent with a finding that the pre-*Booker* Guidelines are not subject to the same vagueness challenge, due to dissimilarities between ACCA and the Guidelines. The court also agrees with the Fourth and Sixth Circuits that *Beckles* has effectively made explicit the fact that *Johnson*'s extension to the pre-*Booker* Guidelines remains an "open question." As such, the court finds that the "right" asserted by defendant is distinct from the "right" newly recognized in *Johnson*, and thus § 2255(f)(3) does not apply. Defendant's § 2255 motion is untimely and must be dismissed.[1]

---

[1] The court notes that even if defendant's claims were not time barred, it likely would agree with those district courts that have denied the underlying merits of § 2255 challenges to the pre-*Booker* Guidelines after *Beckles* on the grounds of binding Seventh Circuit precedent. *See Cross v. United States*, 2017 WL 2345592 (E.D. Wis. May 30, 2017); *Daniels v. United States*, 2017 WL 2623873 (E.D. Wis. June 16, 2017). In short, these cases note that the Seventh Circuit held in *United States v. Brierton*, 165 F.3d 1133 (7th Cir. 1999) that the pre-*Booker* Guidelines are not subject to vagueness challenges, and later extended *Brierton* to the post-*Booker* Guidelines in *United States v. Tichenor*, 683 F.3d 358 (7th Cir. 2012). Later, the Seventh Circuit overruled *Tichenor* in *United States v. Hurlburt*, 835 F.3d 715, 719–25 (7th Cir. 2016) (en banc), finding that recent Supreme Court decisions had "fatally undermined [*Tichenor*'s] reasoning." *Id*. at 718. The Supreme Court explicitly abrogated *Hurlburt*, however, in *Beckles*, thus arguably serving to legally resuscitate *Tichenor*, and by extension *Brierton*. While the Seventh Circuit may ultimately reapply the reasoning in *Hurlburt* that would apply to *Brierton*, this court agrees with *Cross* and *Daniels* that the most prudent course for the lower courts at this time is to follow what appears to be the existing and binding Seventh Circuit precedent in *Brierton* and allow the Seventh Circuit to determine whether any of its conclusions in *Hurlburt* should survive *Beckles*.

C. Certificate of Appealability.

Rule 11(a) of the Rules governing Section 2255 Proceedings in the United States District Courts mandate that the court rule on a certificate of appealability when it denies a petition under Section 2255 or otherwise closes the case. A certificate of appealability is not granted as a matter of right and instead may only be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing occurs when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, while defendant attempted to raise constitutional issues in his § 2255 motion, the court finds that his claims are definitively foreclosed by *Beckles*, and does not find that "reasonable jurists could debate whether . . . the petition should have been resolved in a different matter[.]" *Id.* Thus, because there is no substantial constitutional question for appeal, the court declines to issue a certificate of appealability.

For the foregoing reasons, the court dismisses defendant's petition under 28 U.S.C. § 2255 [1] and declines to issue a certificate of appealability. The case is closed.

Date: 11/20/2017          ENTER:

                         *Philip G. Reinhard*
                         United States District Court Judge

Notices mailed by Judicial Staff.(LC)